Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0286 | **DATE** | JAN 2 3 2012 |
| **CASE TITLE** | United States of America ex rel. Pedro Diaz (B46669) vs. Warden Randy Pfister, Pontiac Correctional Center | | |

**DOCKET ENTRY TEXT**

Respondent is ordered to answer or otherwise respond to the habeas corpus petition (Dkt. No. 1), within twenty-eight days of the entry of this order. The motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The filing fee is waived. Petitioner's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice. On the Court's own motion, named Respondent "Attorney General State of Illinois" is dismissed from this action.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Pro se Petitioner Pedro Diaz, presently an inmate at the Pontiac Correctional Center, has brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court are Petitioner's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), motion for appointment of counsel (Dkt. No. 4), and initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted because Petitioner has demonstrated that he is impoverished.

Petitioner's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice. Counsel is traditionally appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if the interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. This cannot determined until after the Court has reviewed Respondent's response to the petition.

Turning to the initial review of the petition, Rule 4 requires the Court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that Petitioner is not entitled to relief. If the petition is not dismissed, the Court orders Respondent to answer or otherwise respond to the petition.

Petitioner was convicted of first-degree murder for beating and kicking a woman to death. (Dkt. No. 1). *Illinois v. Jones*, No. 97 CR 25382 (Circuit Court of Cook County). His state direct appeal and postconviction proceedings are complete. *Illinois v. Diaz*, 786 N.E.2d 190 (Ill. Oct. 2, 2002) (Table) (direct appeal); *Illinois v. Diaz*, 955 N.E.2d 474 (Ill. Sept. 28, 2011) (Table) (postconviction proceeding). His present habeas corpus petition alleges a violation of *Batson v. Kentucky*, 476 U.S. 79 (1986), ineffective

12C0286 United States of America ex rel. Pedro Diaz (B46669) vs. Warden Randy Pfister, Pontiac Correctional Center    Page 1 of 2

| STATEMENT |
|---|

assistance of trial and appellate counsel, *Martin v. Evans*, 384 F.3d 848, 851 (7th Cir. 2004) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)), improper admission of evidence following a suppression hearing, *Stone v. Powell*, 428 U.S. 465 (1976), improper commenting on his invocation of his right to remain silent, *Johnson v. Acevedo*, 572 F.3d 398, 399 (7th Cir. 2009) (citing *Doyle v. Ohio*, 426 U.S. 610 (1976)), selective prosecution on the basis of race, *United States v. Darif*, 446 F.3d 701, 708 (7th Cir. 2006) (citing *United States v. Armstrong*, 517 U.S. 456, 465 (1996); *Wayte v. United States*, 470 U.S. 598, 608 (1985)), and introduction of out of court statements by a non-testifying co-defendant. *Smith v. McKee*, 598 F.3d 374, 386-87 (7th Cir. 2010) (citing *Crawford v. Washington*, 541 U.S. 36 (2004); *Ohio v. Roberts*, 448 U.S. 56 (1980)). The Court cannot hold that these claims plainly appear to be meritless at this stage in the proceedings. Additionally, the petition does not plainly appear to be either untimely or that any claims are procedurally defaulted. The Court shall leave it to Respondent to investigate any affirmative defenses and the underlying merits of the petition. Accordingly, Respondent is ordered to answer or otherwise respond to the petition within twenty-eight days of the entry of this order.

On the Court's own motion, named Respondent "Attorney General State of Illinois" is dismissed from this action. Petitioner has already properly named his custodian, Warden Randy Pfister of the Pontiac Correctional Center, as the Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

FILED
2012 JAN 23 PM 2: 04
CLERK
U.S. DISTRICT COURT